### No. 27,683.

C. C. Fetty, *Appellant* and *Cross Appellee*, v. E. F. Adams et al., C. L. King and H. F. Ferry, *Cross Appellants*, C. L. Harris, Executor of the Last Will and Testament of T. A. Kramer, Deceased, and E. F. Adams, *Appellees*.

### No. 27,684.

G. L. Ramsey et al., *Appellants* and *Cross Appellees*, v. E. F. Adams et al., C. L. King and H. F. Ferry, *Cross Appellants;* C. L. Harris, Executor of the Last Will and Testament of T. A. Kramer, Deceased, and E. F. Adams, *Appellees*.

### No. 27,685.

J. H. Wagner, *Appellant* and *Cross Appellee*, v. E. F. Adams et al., C. L. King and H. F. Ferry, *Cross Appellants;* C. L. Harris, Executor of the Last Will and Testament of T. A. Kramer, Deceased, and E. F. Adams, *Appellees*.

### No. 27,686.

A. E. Lloyd et al., *Appellants* and *Cross Appellees*, v. E. F. Adams et al., C. L. King and H. F. Ferry, *Cross Appellants;* C. L. Harris, Executor of the Last Will and Testament of T. A. Kramer, Deceased, and E. F. Adams, *Appellees*.

### No. 27,687.

Thomas Hutton et al., *Appellants* and *Cross Appellees*, v. E. F. Adams et al., C. L. King and H. F. Ferry, *Cross Appellants;* C. L. Harris, Executor of the Last Will and Testament of T. A. Kramer, Deceased, and E. F. Adams, *Appellees*.

### No. 27,688.

G. L. Ramsey and Alice M. Ramsey, *Appellants* and *Cross Appellees*, v. E. F. Adams et al., C. L. King and H. F. Ferry, *Cross Appellants;* C. L. Harris, Executor of the Last Will and Testament of T. A. Kramer, Deceased, and E. F. Adams, *Appellees*.

(261 Pac. 835.)

SYLLABUS BY THE COURT.

1. BANKS AND BANKING — *Reception of Deposits After Knowledge of Insolvency—Liability of Directors.* (*Ramsey v. Adams,* 122 Kan. 875, 253 Pac. 423, followed.)

2. SAME — *Insolvency — Liability of Directors — Deposits Made Before Insolvency.* Section 9-163 of the Revised Statutes gives a cause of action against the officers of a bank to recover from them the amounts deposited in the bank when it was insolvent or in failing circumstances, and that cause of action does not concern deposits made before that time.

3. SAME—*Liability of Directors—Computation of Interest.* In such an action as is mentioned in the second paragraph of this syllabus, interest is recoverable from the officers of the bank from the date of the failure of the bank.

4. SAME—*Liability of Directors—Effect of First Making Claim Under Guaranty Fund.* Where a depositor in a failed bank commences an action against its officers and directors to recover the amount of deposits made when they knew the bank was insolvent and in failing circumstances, and afterward a claim for the deposit is presented to the bank commissioner and a certificate is issued by him against the bank guaranty fund, the assignment of that certificate does not carry with it the right under sections 9-163 and 9-164 of the Revised Statutes to proceed against the officers and directors of the bank to collect the amount of the deposit.

Appeals from Butler district court; ALLISON T. AYRES, judge. Opinion filed December 10, 1927. Affirmed in part and reversed in part.

*John J. Jones,* of Chanute, *B. R. Leydig* and *K. M. Geddes,* both of El Dorado, for appellants and cross appellees C. C. Fetty, Frost Drilling Company, J. H. Wagner, Ramsey Bros. & Co., Hutton Bros., G. L. Ramsey and Alice M. Ramsey.

*J. B. McKay,* of El Dorado, for cross appellants C. L. King and H. F. Ferry.

*C. L. Harris,* of El Dorado, *Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for appellee C. L. Harris.

The opinion of the court was delivered by

MARSHALL, J.: A statement of the nature of these actions, the judgments, and who appeal, is found in the supplemental abstract of the plaintiffs as follows:

"These cases are companion cases to the case of *G. L. Ramsey, Appellant and Cross Appellee, v. E. F. Adams et al., Appellees and Cross Appellants,* No. 27,109. Each case is brought against the same identical defendants for the purpose of recovering against such defendants as officers and directors of the

Banks and Banking. 7 C. J. pp. 484 n. 77 new, 562 n. 17 new; 31 L. R. A. 124; 22 L. R. A. n. s. 266; 3 R. C. L. 491.

Butler County State Bank, of El Dorado, Kan., certain deposits claimed to have been made by the plaintiff (or plaintiffs) in said bank at a time when said bank was insolvent or in a failing condition, such officers and directors receiving and assenting to the reception of such deposits with knowledge of the insolvent or failing condition of said bank.

"In each case judgment was rendered by the court in favor of the plaintiff (or plaintiffs) and against the defendants C. L. King, A. B. Ewing, L. D. Hadley and H. F. Ferry, and demurrers were sustained by the court to the plaintiffs' evidence as to the defendants E. F. Adams and G. W. Lyon.

"Judgment was rendered in favor of defendant C. L. Harris, executor of the last will and testament of T. A. Kramer, deceased, in each case for costs.

"In each case the plaintiff (or plaintiffs) appeals the judgment of the court rendered in favor of defendant C. L. Harris as executor of the last will and testament and estate of T. A. Kramer, deceased, for costs, and the defendant C. L. King, and H. F. Ferry each appeal from the judgments rendered against them in each case."

The trial statement of counsel for the plaintiffs is set out in their abstract, showing how the actions were tried, as follows:

"This statement applies to each and every case tried here to-day. I talked to the defendant, A. B. Ewing, over the telephone. He is not represented in this court by counsel; but he tells me that these cases may be tried on the general evidence given at the first trial, and subject to the same objections to the introduction of evidence, on the part of all the defendants, presented at the other trial.

"It is agreed between the several plaintiffs and all the defendants in these cases that these seven cases may be tried on the general evidence given at the first trial in the case of *G. L. Ramsey v. E. F. Adams et al.*, subject to the same objections on behalf of all the defendants and the plaintiff in that case; and to the objections to the introduction of evidence presented at the other trial.

"It is further agreed that the opening statements made to the jury in the case of *G. L. Ramsey v. E. F. Adams et al.*, and included in the transcript of that case, shall be considered and treated as the opening statements in each of the cases tried here to-day.

"Mr. Brewster: All the defendants make the same objections to the introduction of evidence in each of these cases that were presented at the other trial.

"Similar opening statements were made in each of the following cases, except the case of G. L. Ramsey and Alice M. Ramsey, No. 27,688."

1. The questions presented and decided in *Ramsey v. Adams*, 122 Kan. 675, 253 Pac. 423, are reargued in these actions. What was there said need not be repeated. That decision is adhered to and followed so far as the same questions are here involved.

2. Appellants C. L. King and H. F. Ferry urge a certain question on the attention of the court. For the purpose of accurately stating that question, we quote from their brief as follows:

"In case No. 27,683 it is alleged that on February 2, 1923, plaintiff had a checking account in the sum of $25.43.

"In case No. 27,685 it is alleged that on February 3, 1923, plaintiff had a checking account in the sum of $551.68.

"In case No. 27,684 it is alleged that on December 27, 1922, plaintiff had a checking account in the sum of $5,535.19.

"In case No. 27,687 it is alleged that on February 2, 1923, plaintiff had a checking account in the sum of $1,187.75.

"In case No. 27,688 it is alleged that on February 24, 1923, plaintiff had a checking account in the sum of $4,838.28.

"There is no allegation as to when the deposit or deposits which created the balances alleged to have existed on these various dates were made, nor was there any proof to supply this omission. The various plaintiffs allege that after the dates on which they fixed their initial balances they made various deposits and withdrew various amounts by check, and alleged the balance which resulted as of the date of the failure of the bank. The result is that in each verdict or judgment is included the amount of the balance which existed on a date arbitrarily selected by the plaintiffs without the slightest showing as to when the deposit which created such initial balance was made. This question was raised in *Ramsey v. Adams,* supra, but was not mentioned by the court in its opinion. We again respectfully urge that it should not be presumed in the absence of any evidence and in the absence of any allegations, that these initial balances were created by deposits at times when the bank was insolvent. So far as the record shows, the deposits which created these initial balances may have been made on the day the bank first opened for business and at a time when its solvency was not open to question."

This question is not presented in case No. 27,686. The petitions in the other five cases showed the balances due on the dates named, and then alleged that thereafter on various dates from that time until the closing of the bank different deposits were made, largely exceeding the amount claimed in each petition, and alleged that different sums were thereafter checked out in excess of the amount named as being on deposit on the first date named in the petition, the date of what the appellants say was the initial balance. In other words, more than the first or initial amounts named in the petitions were thereafter paid by the bank on the checks of the plaintiffs, and other deposits were made largely in excess of the amounts for which each of these five actions was brought. The deposits sought to be recovered were made after the initial dates named in the petition. The solvency of the bank before those dates is wholly immaterial. The question is, Was the bank insolvent or in a failing condition when the deposits were made, not when the initial deposits were

made? That question of fact was found in favor of the plaintiffs and is conclusive.

3. Interest was allowed from the date of the failure of the bank. The defendants claim that interest should not have been allowed before judgment. Our statute concerning interest, R. S. 41-101, in part reads:

"Creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate of interest is agreed upon, for any money after it becomes due; for money lent or money due on settlement of account, from the day of liquidating the same and ascertaining the balance; . . . for money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts."

When the bank closed the amount due each of the plaintiffs was ascertained and was definitely known. The money was then due. When the bank closed the plaintiffs were unable to get their money from the bank. As between the bank and the plaintiffs, the bank was liable to the plaintiffs for interest for the entire time the money was held by the bank after it closed.

The deposits which the plaintiffs seek to recover were made when the bank was insolvent or was in failing circumstances. The statute, R. S. 9-163, makes the defendants who were officers of the bank individually responsible for those deposits. The liability of the defendants as officers of the bank extends to the entire liability of the bank. Whatever the bank owed, the defendants owe; that includes interest from the time the bank failed.

4. Another question is involved in case No. 27,688 and is now presented for the first time. That question is the right of the plaintiffs as assignees to prosecute the action.

The Ramsey-Lloyd Oil Company, a corporation, was a depositor of the Butler County State Bank, and on February 24, 1923, had on deposit the sum of $4,838.28, and thereafter deposited other sums of money and checked thereon until on the date of the failure of the bank there was on deposit therein $38,951.04. Soon after the failure of the bank, which occurred on March 30, 1923, the Ramsey-Lloyd Oil Company commenced an action against the defendants as officers and directors of the bank to recover the balance of the deposit. A certificate, dated April 23, 1923, was issued by the bank commissioner of the state of Kansas in favor of the Ramsey-Lloyd Oil Company against the bank depositors guaranty fund for the amount on deposit in the bank at the time of its failure.

The petition of G. L. Ramsey and Alice M. Ramsey alleges that in October, 1923, they purchased from the Ramsey-Lloyd Oil Company all the assets and property of every kind and character of the corporation and became the owners of the amount deposited in the bank. The answer of C. L. Harris, as executor, to the petition of the plaintiffs in this action, alleges that some time prior to June 14, 1923, the Ramsey-Lloyd Oil Company commenced an action in the district court of Butler county against these defendants to recover the amount on deposit when the bank closed. The abstract of C. L. King and H. F. Ferry discloses that in November, 1924, a motion was filed in that action showing that after the action of the Ramsey-Lloyd Oil Company had been commenced against these defendants the corporation was duly and legally dissolved and its corporate existence terminated, and that at that time A. E. Lloyd, B. Frost, W. O. Jones, C. C. Fetty and G. L. Ramsey were the duly qualified, elected, and acting directors of the corporation, and that upon the dissolution of the corporation they became trustees for the stockholders and creditors thereof, and asked that they be substituted as parties plaintiff in the action. That motion was allowed December 1, 1924. That action has not been dismissed.

In the present action there was no evidence to show the assignment of the right to recover from the bank or its officers, but there was evidence to show that the certificate issued by the bank commissioner against the bank guaranty fund to the Ramsey-Lloyd Oil Company had been assigned to the plaintiffs G. L. Ramsey and Alice M. Ramsey on December 10, 1923. *Ramsey v. Bank Commissioner*, 115 Kan. 212, 222 Pac. 117, in effect says that the right of action against the officers of a bank and the right to recover from the bank guaranty fund are separate and distinct causes of action. There, the plaintiff was seeking to proceed under both remedies. The court said:

"Having two remedies, one against assets and the guaranty fund, and one against officers of the bank, he chose to invoke both. The statute did not make the receipt of deposits by the bank during insolvency wrongful action by the bank. Without the statute the patron would claim his money as a trust fund, or he could claim as a depositor. Should he claim as a depositor, he has all remedies the law gives to depositors. In bringing this action for his dividend, plaintiff did not waive liability of the bank officers to make good the amount of his deposit." (p. 215.)

The executor urges that the right of action against the officers of the bank is not assignable. It is not necessary to decide that

question, because the evidence did not show an assignment of the cause of action set out in the petition of the plaintiffs, the one on which the defendants are liable, but did show an assignment of the certificate issued by the bank commissioner on the bank guaranty fund, on which the defendants are not liable. G. L. Ramsey and Alice M. Ramsey did not prove the cause of action set out in their petition and cannot recover from the defendants on the cause of action established by their evidence.

The judgments in cases No. 27,683, No. 27,684, No. 27,685, No. 27,686 and No. 27,687 are affirmed as to all the defendants except C. L. Harris, executor of the last will and testament of T. A. Kramer, which is reversed, and the trial court is directed to enter judgments in favor of the plaintiffs against C. L. Harris, as executor in accordance with this and the opinion rendered in *Ramsey v. Adams*, 122 Kan. 675, 253 Pac. 423. The judgment in case No. 27,688 in favor of G. L. Ramsey and Alice M. Ramsey is reversed as to all the defendants who appeal except C. L. Harris, executor, which is affirmed, and the trial court is directed to enter judgment in favor of all the defendants who appeal in that action.